HARRY A. CHEHAMES *vs.* LAFAYETTE SQUARE RESTAURANT, INC. April 5, 1940. Order for judgment affirmed. The case comes here on appeal from an order for judgment for the defendant upon the report of an auditor whose findings of fact were to be final, which order was "an order for judgment upon a case stated." G. L. (Ter. Ed.) c. 231, § 96. The action is for money paid for the benefit of the defendant at its request. The auditor found that there was no contract by the defendant to repay the money, but that the money was to be applied toward the purchase price of certain stock. Upon the report of the auditor his findings seem to us to be right. There was no error in the order of judgment for the defendant.

*C. R. Goldstein*, for the plaintiff.
*J. Friedberg*, for the defendant.

ANTONE MEDEIROS & another *vs.* INSPECTOR OF BUILDINGS OF NEW BEDFORD. May 28, 1940. Exceptions overruled. Petition dismissed. The store, the smoke house and the connecting passageway could be found to constitute a single building which conformed to the zoning ordinance. No error appears.

*J. F. Francis*, for the petitioner.
*F. A. Doyle*, City Solicitor, for the respondent; *& J. Ferreira*, for the intervener.

ALICE P. CAMERON *vs.* MARGARET CAMERON (estate of William J. Cameron). May 28, 1940. Decree affirmed. The record is silent as to evidence or findings at the hearing. It furnishes no basis for any contention that there was error.

*W. B. Perry, Jr.*, for the petitioner.
*J. P. Sylvia, Jr.*, for the respondent.

MAMIE KARGER *vs.* EVA M. CHASE & others. June 26, 1940. Decree affirmed with costs. The agreement directly between husband and wife, made on November 30, 1938, was ineffectual. Mr. Buzzell as trustee for the wife remained entitled to the share of the estate of Mulleavey assigned to him by the separation agreement of May 2, 1938. The beneficial interest in that share passed to the wife as her unrestricted property, and from her to the plaintiff. There was nothing in the nature of a spendthrift trust. There was ample consideration for the note held by the plaintiff.

*H. M. Pakulski*, for the defendant George M. Chase.
*A. W. Ingalls*, for the defendant Eva M. Chase, submitted a brief.
*B. N. Vernon*, for the plaintiff.